

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEGGY SMITH<br>4603 Bridgehill Drive<br>Grove City, OH 43123, | : | |
| | : | Case No. C2 03 068 |
| Plaintiff, | : | JUDGE GRAHAM |
| v. | : | |
| THE AMERICAN CHEMICAL SOCIETY<br>PLAN ADMINISTRATOR<br>1155 16th St., N.W.<br>Washington, D.C. 20036, | : | Judge _____ |
| | : | |
| | : | Magistrate Judge MAGISTRATE JUDGE KEMP |
| Defendant. | : | |

## COMPLAINT

For her complaint against the Defendant, The American Chemical Society, Plaintiff Peggy Smith states as follows:

### Parties

1. Plaintiff Peggy Smith ("Smith") is a resident of Grove City, Franklin County, Ohio, and was at all relevant times an employee of Chemical Abstract and a participant in The American Chemical Society Disability Plan.

2. Defendant The American Chemical Society Disability Plan is a welfare benefit plan established and maintained pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

1

**Jurisdiction and Venue**

3. Plaintiff's claim is for benefits due her under the terms of an ERISA benefit plan. This Court has jurisdiction of this case pursuant to 29 U.S.C. §§ 1132(e) and (f) and 28 U.S.C. § 1331.

4. The employee benefit plan that is the subject of this dispute is administered, in part, in Columbus, Franklin County, Ohio. Venue, therefore, is proper in the Eastern Division of the Southern District of Ohio pursuant to 29 U.S.C. § 1132(e)(2).

**Facts Common to all Claims**

5. Plaintiff Peggy Smith was employed by Chemical Abstract in 1999 as a data entry operator. Smith remained employed by Chemical Abstract until her disability benefits were terminated in November 2001.

6. By virtue of her employment with Chemical Abstract, Smith became a participant in The American Chemical Society Disability Plan (the "Plan"). The Plan provides, *inter alia*, disability income benefits for persons who are totally disabled, as defined by the Plan.

7. Smith suffers from numerous and serious medical conditions that together render her totally disabled. Smith sought and received short-term disability benefits.

8. Smith subsequently applied for long-term disability benefits, pursuant to the terms of the Plan. Smith also applied for Social Security benefits, as required by the Plan.

9. Smith's application for long-term disability benefits was approved and benefits were paid to Ms. Smith from October 18, 1999 until October 31, 2001.

10. On October 26, 2001, Smith's application for Social Security Benefits was approved.

11. On October 31, 2001, Smith was notified by Defendant that her benefits were being terminated as of November 1, 2001.

12. Smith appealed, supplying supplemental evidence from the Social Security Administration that determined Smith had been disabled since April 19, 1999.

13. Defendant denied Smith's appeal on July 9, 2002, expressly refusing to consider the fact that her Social Security disability claim had been approved.

### Count I

14. The allegations of paragraphs 1 through 13 above are incorporated by reference as if fully rewritten herein.

15. Smith brings this claim pursuant to 29 U.S.C. § 1132(a)(1)(B) and seeks benefits.

16. Smith has exhausted her administrative remedies under the Plan.

17. Smith is entitled to disability benefits under the terms of the Plan.

18. The Plan's fiduciaries have acted arbitrarily and capriciously in interpreting the Plan, in evaluating the medical evidence, in disregarding the opinions of Plaintiff's physicians, and in relying on a medical opinion rendered by an individual who had not personally examined or evaluated Plaintiff.

**WHEREFORE**, Plaintiff Peggy Smith asks this Court to grant judgment in her favor as follows:

A. Restoration of disability benefits according to the terms of the Plan from the time they were terminated to the present;

B. Reimbursement for disability benefits not paid since benefits were terminated;

C. Restoration of medical, dental, and life insurance benefits, as if Ms. Smith's disability benefits from the Plan had continued without interruption;

D.      Prejudgment and post-judgment interest;

E.      Attorneys fees and costs pursuant to 29 U.S.C. §1132(g); and

F.      Such other and further relief as the Court finds to be just and equitable.

_____
Tony C. Merry (0042471)
Trial Attorney
Palmer Volkema Thomas
140 E. Town Street, Suite 1100
Columbus, Ohio 43215
Tele: (614) 221-4400
Fax: (614) 221-6010

Attorney for Plaintiff
Peggy Smith